IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONILEE SALAZAR,<br><br>               Plaintiff,<br><br>    v.<br><br>MARRIOTT'S TIMBER LODGE,[1]<br><br>               Defendant. | 2:05-cv-01745-GEB-KJM<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

      READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

      The status (pretrial scheduling) conference scheduled in this case for November 14, 2005, is vacated since the joint status report submitted by the parties indicates that the following Order should issue.

---

[1] The caption has been amended according to the Dismissal of Doe Defendants portion of this Order.

1

## DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1-10 are dismissed. <u>See</u> Order Setting Status (Pretrial Scheduling) Conference filed October 27, 2005, at 2 n.2 (indicating that if Plaintiff failed to set forth in the Joint Status Report a date by when the identities of any "Doe" defendants are expected to be discovered, the claims against Doe defendants would be deemed abandoned and a dismissal order would follow).

## SERVICE OF PROCESS

The named defendant has been served and no further service is permitted, except with leave of Court, good cause having been shown.

## JOINDER OF ADDITIONAL PARTIES/AMENDMENT

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

## DISCOVERY

(a) All discovery shall be completed by November 13, 2006. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[2]

---

[2] The parties are advised that the Magistrate Judges in the Eastern District are responsible for resolving discovery disputes. <u>See</u> Local Rule 72-302(c)(1). Accordingly, counsel shall direct all discovery-related matters to the Magistrate Judge assigned to this case. A party conducting discovery near the discovery "completion" date runs the risk of losing the opportunity to have a jurist resolve discovery motions pursuant to the Local Rules.

1  (b)  Each party shall comply with Federal Rule of Civil
2 Procedure 26(a)(2)'s initial expert witness disclosure and report
3 requirements on or before May 12, 2006, and with the rebuttal expert
4 disclosures authorized under the Rule on or before June 12, 2006.

5 MOTION HEARING SCHEDULE

6  The last hearing date for motions shall be November 13,
7 2006, at 9:00 a.m.[3]

8  Motions shall be filed in accordance with Local Rule 78-
9 230(b).  Opposition papers shall be filed in accordance with Local
10 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
11 consent to the motion and the Court may dispose of the motion
12 summarily</u>.  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
13 Further, failure to timely oppose a summary judgment motion may result
14 in the granting of that motion if the movant shifts the burden to the
15 nonmovant to demonstrate a genuine issue of material fact remains for
16 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

17  Absent highly unusual circumstances, reconsideration of a
18 motion is appropriate only where:

19  (1)  The Court is presented with newly discovered evidence
20 that could not reasonably have been discovered prior to the filing of
21 the party's motion or opposition papers;

22  (2)  The Court committed clear error or the initial decision
23 was manifestly unjust; or

24  (3)  There is an intervening change in controlling law.

---

[3] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

3

1  A motion for reconsideration based on newly discovered evidence shall
2  set forth, in detail, the reason why said evidence could not
3  reasonably have been discovered prior to the filing of the party's
4  motion or opposition papers.  Motions for reconsideration shall comply
5  with Local Rule 78-230(k) in all other respects.
6       The parties are cautioned that an untimely motion
7  characterized as a motion in limine may be summarily denied.  A motion
8  in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

10      The final pretrial conference is set for January 16, 2007,
11 at 1:30 p.m.  The parties are cautioned that the lead attorney who
12 WILL TRY THE CASE for each party shall attend the final pretrial
13 conference.  In addition, all persons representing themselves and
14 appearing in propria persona must attend the pretrial conference.
15      The parties are warned that non-trialworthy issues could be
16 eliminated *sua sponte* "[i]f the pretrial conference discloses that no
17 material facts are in dispute and that the undisputed facts entitle
18 one of the parties to judgment as a matter of law." Portsmouth Square
19 v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
20      The parties shall file a JOINT pretrial statement with the
21 Court not later than seven (7) days prior to the final pretrial
22 conference.[4]  The joint pretrial statement shall specify the issues
23 for trial.  The Court uses the parties' joint pretrial statement to

---

[4] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

1 prepare its final pretrial order and could issue the final pretrial
2 order without holding the scheduled final pretrial conference. See
3 <u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
4 requirement that the court hold a pretrial conference."). The final
5 pretrial order supersedes the pleadings and controls the facts and
6 issues which may be presented at trial. Issues asserted in pleadings
7 which are not preserved for trial in the final pretrial order cannot
8 be raised at trial. <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
9 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
10 pretrial order are eliminated from the action."); <u>Valley Ranch Dev.
11 Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
12 issue omitted from the pretrial order is waived, even if it appeared
13 in the pleading); cf. <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
14 (D.D.C. 1995) (refusing to modify the pretrial order to allow
15 assertion of a previously-pled statute of limitations defense);
16 <u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
17 (indicating that "[a]ny factual contention, legal contention, any
18 claim for relief or defense in whole or in part, or affirmative matter
19 not set forth in [the pretrial statement] shall be deemed . . .
20 withdrawn, notwithstanding the contentions of any pleadings or other
21 papers previously filed [in the action]").
22        <u>If possible, at the time of filing the joint pretrial</u>
23 <u>statement counsel shall also email it in a format compatible with</u>
24 <u>WordPerfect to: geborders@caed.uscourts.gov</u>.
25                        SETTLEMENT CONFERENCE
26        No settlement conference is currently scheduled. The
27 parties shall address in their joint pretrial statement whether they
28 wish to have a judge-assisted settlement conference. If counsel wish

the Magistrate Judge to act as settlement judge, written stipulations to this effect which waive the judge's disqualification from later acting as the discovery judge must be filed prior to the scheduling of the settlement conference.  <u>See</u> L. R. 16-270(b).  If the parties wish to participate in Court-assisted settlement prior to the final pretrial conference, they should contact the Deputy Clerk.

<u>VOLUNTARY DISPUTE RESOLUTION PROGRAM</u>

This case is referred to the Voluntary Dispute Resolution Program.

<u>TRIAL SETTING</u>

Trial is set for April 17, 2007, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

DATED: November 7, 2005

<u>/s/ Garland E. Burrell, Jr.</u><br>
GARLAND E. BURRELL, JR.<br>
United States District Judge